UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LYNN DAVIS**,

    Plaintiff,

vs.                                    **No. Civ. 10-655 BB/RHS**

**WAL-MART STORES, INC**.

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant Wal-Mart Stores East, LP's[1] [hereinafter "Wal-Mart"] *Motion for Summary Judgment*, filed December 15, 2010 [Doc. 29]; and on Wal-Mart's *Motion for Judgment*, filed January 11, 2011 [Doc. 32], which seeks a "[j]udgment holding" that, by failing to respond to the motion for summary judgment, pro-se Plaintiff Lynn Davis "waived her right to file a Response" to the motion and that the "[f]acts contained in Wal-Mart's Motion for Summary Judgment are unopposed and therefore deemed admitted for purposes of the Motion," Doc. 32 at 1. Having considered the summary-judgment record and the relevant law, the Court will grant the motion for summary judgment and will deny the superfluous motion for judgment as moot.

### I. APPLICABLE LEGAL STANDARDS.

> Rule 56 has recently been amended, effective December 1, 2010. The summary judgment standard previously enumerated in subsection (c) was moved to subsection (a), and there was one word change from the previous version-genuine "issue" became genuine "dispute." Fed. R. Civ. P. 56 advisory committee note (2010 Amendments). But the "standard for granting summary judgment remains unchanged." *Id*.

---

[1] Wal-Mart contends that it has been "improperly named in the Plaintiff's Complaint as Wal-Mart Stores, Inc.," Doc. 29 at 1.

*Lyon v. Aguilar*, No. 10-2192, 2011 WL 488749, *1 (10 Feb. 11, 2011). In addition, the new subsection (c) "establishe[d] a common procedure for several aspects of summary-judgment motions synthesized from similar elements developed in the cases or found in many local rules," including ways to support an assertion of undisputed fact and authorizing the court "to consider the fact undisputed for purposes of the motion" if the nonmoving party fails "to properly address another party's assertion of fact." FED. R. CIV. P. 56(c) and (e) and corresponding Advisory Committee Notes to the 2010 Amendments.

As noted above, the standard for granting summary judgment remains the same: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2010 Amend.). The Supreme Court has long stated that, "[i]n our view, the plain language of Rule 56(c) [now codified in Rule 56(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

But summary judgment cannot be granted by default even if there is a complete failure to respond to the motion. *See* FED. R. CIV. P. 56(e) (2010 Amend.) (providing several actions that a court may take if a party "fails to properly address another party's assertion of fact as required by Rule 56(c)"). This has long been the law in the Tenth Circuit. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) ("Summary judgment is not proper merely because [the nonmoving party] failed to file a response. Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its initial responsibility of demonstrating that no genuine issue

of material fact exists and that it is entitled to summary judgment as a matter of law.") (internal quotation marks omitted).

The moving party may support an assertion "that a fact . . . cannot be genuinely disputed . . . by . . . showing that the materials cited do not establish the . . . presence of a genuine dispute." FED. R. CIV. P. 56(c)(1) (2010 Amend.). This modified Rule is also consistent with existing Tenth Circuit precedent holding that "[a]n issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and that the movant who does not bear the burden of persuasion at trial "need not negate the nonmovant's claim," but "may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citations omitted). With these rules in mind, the Court will proceed to resolve the summary-judgment motion.

## II.   ANALYSIS

In her Complaint brought under New Mexico's Wrongful Death Statute, N.M.S.A § 41-2-3, Davis alleges that her father, Pastor Clarence Adrian Harper, was fatally injured after falling in the Los Lunas, New Mexico Wal-Mart store on June 22, 2007. *See* Complaint at 1-2. He was taken to a local hospital, where she claimed that "the team of attending physicians . . . requested to view the [store's] surveillance footage of the fall to determine a proper medical diagnosis." *Id.* at 2. According to the Complaint, "[i]n person and documented requests were made to the Los Lunas Wal-Mart Store for the surveillance footage," but Wal-Mart's employees "failed to provide any video," "stating they needed a court order to release the video." *Id.* at 2-3. Plaintiff asserts that,

while his family was in the process of "procuring the court order," Mr. Harper died on July 3, 2007.[2] Plaintiff alleges that her father's death resulted from Wal-Mart's "careless and reckless disregard [in] not supplying the video footage of the fall to the attending physicians." Complaint at 3.

Plaintiff brings two claims under the Wrongful Death Statute: for negligence in failing to supply the surveillance video; and for prima facie tort for "disrupt[ing] the medical requests of family and physicians to destroy and injure the decedent" thereby causing his death and "economic loss and emotional distress" to his family and pastorate. *Id.* at 4-5.

The deadline for disclosing testifying experts and providing an expert report was December 7, 2010. *See* Doc. 16 at 1-2. With its summary-judgment motion, Wal-Mart presented the following undisputed evidence, which it supports with various documents and affidavits.

    1. Mr. Harper's death was caused by a "blunt force head injury" that resulted from a "[f]all from standing height." Doc. 29, Ex. A.

    2. The Wal-Mart store's co-manager, Edward Garcia, swore under penalty of perjury that he "worked with Asset Protection employees to locate any video footage that showed Mr. Harper's fall and it was determined that such footage did not exist." *Id.*, Ex. E.

    3. The EMS report states that, when the paramedics arrived, they found Mr. Harper on the floor "with a bandage around his head." *Id.*, Ex. F at 4.

    4. Mr. Harper's treating physicians were aware, when he was brought to the emergency room, that Mr. Harper had a history of heart problems and that he had been walking down the aisle at Wal-Mart when he "collapsed landing on his back. Pt. was unconscious for a few seconds and

---

[2] Although the Complaint states that Mr. Harper died in 2008, the report from the office of the medical investigator lists the date of his death as July 3, 2007. *See* Doc. 29, Ex. A.

then was very confused." *Id.* He was pale and sweaty with a very slow and irregular heart rate, and he showed "abnormal cardiac rhythms." *Id.* at 4-5.

    5. The treating physician determined from a brain scan taken the day of the fall that Mr. Harper had suffered a "skull fracture, subdural hematoma, and subarachnoid hemorrhage" and noted in his medical record: "In talking with the neurosurgeon on-call, Dr. McMorrow, all these injuries are explained by a fall backwards and hitting the head, so it is suspicious that the patient actually had a syncopal episode." *Id.* at 7-8.

    6. Dr. Theodore Davis, Wal-Mart's medical expert, stated that a "review of the hospital records reveals no documentation that indicates any of Mr. Harper's health care providers requested to view surveillance footage of Mr. Harper's fall." *Id.* at 10.

    7. Dr. Davis concluded that, "a video surveillance tape could not have revealed the nature of the heart problem that resulted in the fall . . . [and] could not have assisted physicians in the diagnosis and treatment of the injuries Mr. Harper sustained as a result of the fall." *Id.* at 8-9. He also concluded that the "viewing of such footage would have had no bearing on the course of the injuries he sustained or the ultimate outcome of those injuries, which was, unfortunately, his death a few days later." *Id.* at 9.

    After Wal-Mart supported its summary-judgment motion with admissible evidence showing that there was no genuine dispute regarding material facts and it was entitled to judgment, Plaintiff could not rely solely on the allegations in her Complaint to create a genuine dispute regarding those facts. *See Celotex*, 477 U.S. at 324. Because Plaintiff failed to submit anything to rebut the above evidence, these undisputed facts are deemed admitted for purposes of the summary-judgment motion. And because she has failed to support her claims for negligence and prima-facie tort with

any evidence that a surveillance tape showing Mr. Harper's fall existed or that viewing such a tape could have assisted Mr. Harper's physicians in diagnosing Mr. Harper's injuries and preventing his death, she has failed to produce evidence on essential elements of her claims. *See id; Thom*, 353 F.3d at 851. Wal-Mart therefore, has established that no genuine dispute as to any material fact exists and that it is entitled to summary judgment as a matter of law.

**IT IS ORDERED** that Wal-Mart's motion for summary judgment [Doc. 29] is GRANTED and its motion for judgment [Doc. 32] is DENIED as moot.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**