IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

LYNN DAVIS,

        Plaintiff,

v.                                No. CIV 10-655 BB/RHS

WAL-MART STORES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE SUMMARY JUDGMENT

**THIS MATTER** is before the Court on *Plaintiff's Motion to Set Aside Summary Judgment in Support for a New Trial or Amendment* [doc. 38]. After giving careful consideration to the motion, it must be Denied.

### *Discussion*

**Plaintiff** moves for relief pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b) from this Court's summary judgment entered February 25, 2011. RULE 60(b) provides six different grounds for relief from a final order or judgment. These grounds include mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud; the fact that a judgment is void; satisfaction of the judgment; or any other reason justifying relief. *See Van Skiver v. United States*, 952 F.2d 1241, 1244 n. 4 (10th Cir. 1991). Plaintiff, however, has not shown how any of the requirements of RULE 60(b)

have been met in this case. Rather, she argues that "she appears without counsel, is not schooled in the law and legal procedures, and is not licensed to practice law. Therefore pleadings must be read and construed liberally." (Pl.'s Mot. p. 1). Although the Tenth Circuit interprets the pleadings liberally, *pro se* litigants follow the RULES OF CIVIL PROCEDURE. *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 n. 3 (10th Cir. 2002) ("Although we liberally construe *pro se* pleadings, Murray's *pro se* status does not relieve him of the obligation to comply with procedural rules."). The RULES OF CIVIL PROCEDURE are not designed to allow a party to get a "second bite at the apple" through a motion to reconsider. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Moreover, Plaintiff offers no new evidence of causation with her motion. It must be Denied. *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

## O R D E R

For the above stated reasons, *Plaintiff's Motion to Set Aside Summary Judgment in Support for a New Trial or Amendment* is DENIED.

SO ORDERED this 22nd day of April, 2011.

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**Chief Judge**